IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RALPH BLAINE SMITH, | : | |
| Plaintiff, | : | Case No. 2:22-cv-00045 |
| v. | : | Chief Judge Algenon L. Marbley |
| DAVID SILVERNAIL, *et al.*, | : | Magistrate Judge Kimberly A. Jolson |
| Defendants. | : | |

**OPINION & ORDER**

### I. INTRODUCTION

This matter is before the Court on various motions from both parties, including Plaintiff's Motion for Leave to File (ECF No. 63), Motion for Reconsideration (ECF No. 64), and Motion for Hearing (ECF No. 67), and Defendants' Motion to Strike (ECF No. 56). For the reasons set forth more fully below, Plaintiff's Motion for Leave to File (ECF No. 63) is **GRANTED**; his Motion for Reconsideration (ECF No. 64) and Motion for Hearing (ECF No. 67) are **DENIED**. Defendant's Motion to Strike (ECF No. 56) is **GRANTED IN PART and DENIED IN PART**.

### II. BACKGROUND

This case stems from the twenty-one (21) years Plaintiff Ralph Blaine Smith spent in prison before his jury conviction was vacated. He now brings suit against David Silvernail, Gregg Marx, the City of Pickerington, and Fairfield County, Ohio, alleging that his wrongful imprisonment can be attributed to the actions of Detective Silvernail, Assistant Prosecuting Attorney Marx, and their respective municipal employers. (*See* Compl. ¶¶ 5–12, ECF No. 1). Relevant to the motions before the Court, Plaintiff alleges that Defendant Marx is liable for

1

prosecutorial misconduct, and is not protected by absolute immunity because the alleged misconduct — specifically, a home visit with Rudy and Trisha Stefanitsis two weeks before Plaintiff was indicted — were investigative in nature, rather than prosecutorial.

The motions currently before the Court arise from the November 10, 2022, Opinion & Order (ECF No. 54), in which the Court granted in part and denied in part the Motion for Summary Judgment (ECF No. 24) of Defendants Gregg Marx and Fairfield County, Ohio (collectively, the "Fairfield County Defendants"). The Court found that Marx is entitled to absolute prosecutorial immunity and dismissed all claims against him in his official and individual capacities on that basis. (*See* Op. & Order at 7–13, ECF No. 54). Claims against Fairfield County were permitted to proceed, as Plaintiff had made a sufficient showing that he has a *Monell* claim against the County to survive the motion to dismiss. (*See id.* at 16).

Prior to the docketing of that Opinion & Order, Plaintiff Smith submitted a Motion for Partial Summary Judgment (ECF No. 49), addressing the same issues analyzed and ruled upon in this Court's Opinion & Order (that is, the issues of prosecutorial immunity and *Monell* liability raised in the Fairfield County Defendants' motion to dismiss).[1] In response, Defendants filed a Motion to Strike (ECF No. 56) the partial summary judgment motion as moot or premature. Plaintiff has submitted a Motion for Leave to File an untimely opposition to the motion to strike. (ECF No. 63), and a Motion for Reconsideration (ECF No. 64) of the Court's decision on the Motion to Dismiss. Plaintiff subsequently filed a Motion for Hearing (ECF No. 67).

### III. LAW & ANALYSIS

Currently before the Court are Defendants' Motion to Strike, Plaintiff's Motion for Leave to File, Plaintiff's Motion for Reconsideration, and Plaintiff's Motion for Hearing.

---

[1] The Court's decision did not mention the Motion for Partial Summary Judgment.

2

### A. Motion to Strike

Pursuant to Fed. R. Civ. P. 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." In general, courts shy away from wielding their power to strike, as "it is well established that the action of striking a pleading should be sparingly used by the courts" and should "be resorted to only when required for the purposes of justice." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) (first citing *Colo. Milling & Elevator Co. v. Howbert*, 57 F.2d 769, 771 (10th Cir. 1932); then citing *Batchelder v. Prestman*, 138 So. 473 (Fla. 1931); *Collishaw v. Am. Smelting & Refining Co.*, 190 P.2d 673 (Mont. 1948)). But ultimately, the decision whether to grant a motion to strike falls within the discretion of the district court. *See Ameriwood Indus. Int'l Corp. v. Arthur Andersen & Co.*, 961 F. Supp. 1078, 1083 (W.D. Mich. 1997) (collecting cases). After all, motions to strike can "serve a useful purpose by . . . saving the time and expense which would otherwise be spent in litigating issues which would not affect the outcome of the case." *United States v. Pretty Prods., Inc.*, 780 F. Supp. 1488, 1498 (S.D. Ohio 1991) (quoting *United States v. Marisol, Inc.*, 725 F. Supp. 833, 836 (M.D. Pa. 1989)).

Before turning to the merits, this Court first addresses Plaintiff's Motion for Leave to File (ECF No. 63) his untimely response in opposition to the motion to strike. Given this Court's preference for deciding issues on the merits, *see, e.g.*, *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986), the Court **GRANTS** the Motion for Leave to File (ECF No. 63) and will consider Plaintiff's Response in Opposition (ECF No. 63-1) in deciding Defendant's Motion to Strike (ECF No. 56).

The Motion to Strike addresses Plaintiff's motion requesting summary judgment on Defendant Marx's absolute prosecutorial immunity defense and Defendant Fairfield County's

Eleventh Amendment defense. (*See generally* Mot. for Partial Summ. J., ECF No. 49). Both issues were addressed in the November 2022 Opinion & Order, in which the Court determined that Defendant Marx is entitled to absolute prosecutorial immunity dismissed all claims against him. (Op. & Order at 7–13, ECF No. 54). Plaintiff, in opposing the motion to strike, suggests that "defendants' motion to dismiss was entirely unsupported by evidence" and that Plaintiff has submitted evidence showing that Defendant Marx was acting in an investigative role. (*See* Pl.'s Memo. in Opp'n at 2, ECF No. 63-2). In effect, Plaintiff asks for a reconsideration of this Court's prior decision that Defendant Marx's motion to dismiss had merit. But, as discussed below, reconsideration is not warranted here, especially as Plaintiff has failed to adduce evidence demonstrating that Defendant Marx was not entitled to absolute prosecutorial immunity. *See infra* Part III.B. As such, the portions of Plaintiff's Motion for Partial Summary Judgment (ECF No. 49) related to Defendant Marx's absolute prosecutorial immunity defense are redundant and therefore **STRICKEN**.

The Court's November 10, 2022, Opinion & Order denied Fairfield County's motion to dismiss, finding that "Plaintiff has pled specific facts that Defendant Marx's alleged *Brady* violations were ratified by a final decision-maker," thus exposing Fairfield County to *Monell* liability. (Op. & Order at 16, ECF No. 54). But as the Court's ruling decided only whether Plaintiff had made a sufficient showing to survive the motion to dismiss, his motion for summary judgment on that issue is neither redundant nor moot. Thus, striking the portion of the Motion for Partial Summary Judgment (ECF No. 49) on the question of *Monell* liability is not warranted.

In the alternative, Defendants ask for additional time pursuant to Rule 56(d) to conduct discovery before responding to the summary judgment motion. (Mot. to Strike at 5, ECF No. 56). Defendant has provided an affidavit declaring its need for further discovery and specified

4

four topics it wishes to investigate for more evidence.[2] (*See id.* at 5; Aff. of David Moser ¶¶ 6–8, ECF No. 56-1). Accordingly, Defendant's Motion to Strike (ECF No. 56) is **GRANTED IN PART and DENIED IN PART**: the portions of Plaintiff's Motion for Partial Summary Judgment (ECF No. 49) relating to *Monell* liability will remain on the docket, but Defendant Fairfield County is **GRANTED** an extension to respond to the Motion for Partial Summary Judgment on or before April 21, 2023, consistent with the case schedule.

### B. Motion for Reconsideration

Although the Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration, such motions are typically construed in the Sixth Circuit as either a Rule 59(e) motion to alter or amend judgment or as a Rule 60(b) motion for relief from judgment. *Peake v. First Nat'l Bank & Trust Co. of Marquette*, 717 F.2d 1016, 1019 (6th Cir. 1983) (footnotes omitted). A Rule 59 motion must be filed within 28 days of the decision that movant seeks to alter or amend. FED R. CIV. P. 59(b). As Plaintiff does not state expressly the statute or civil rule relied upon for his motion and as the motion was filed 41 days after the relevant court order (*see* ECF), this Court considers Plaintiff's motion under the Rule 60(b) standard. That standard set out six reasons for which the Court is authorized to grant relief:

(1)   mistake, inadvertence, surprise, or excusable neglect;
(2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3)   fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4)   the judgment is void;

---

[2] Plaintiff suggests that Defendant has failed to submit an affidavit or specified reasons for further discovery needed, in contravention of the requirements of Rule 56(d). (Resp. in Opp'n at 2–3 (quoting FED. R. CIV. P. 56(d)), ECF No. 63-2). This is unsupported by the record, as noted above.

5

> (5) the judgment has been has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Plaintiff's motion does not adequately allege any of these six reasons.

In Plaintiff's Motion for Reconsideration (ECF No. 64), he asks this Court to reconsider its previous Opinion & Order, which dismissed all claims against Defendant Marx. The Court found that Defendant Marx was entitled to absolute prosecutorial immunity for the actions alleged by Plaintiff. (*See* Op. & Order, ECF No. 54). In so finding, the Court noted that "Plaintiff relies on a speculative leap — that because the Stefanitsises initially had difficulty providing detailed descriptions of the robbers (and had suspicions about Dana Rowe) but identified Plaintiff as the robber a month later, the intervening home visit by Marx must have been the one and only factor that changed their minds" — without providing any specific allegations demonstrating that Defendant Marx acted in an investigative role, such as pursuing leads, interviewing suspects, or giving advice to police. (*Id.* at 13). Plaintiff does not dispute the Court's legal conclusions but states only that his "motion for partial summary judgment is supported by substantial document evidence which reasonably establishes that defendant Marx acted in an investigative capacity." (Pl.'s Mot. for Recons. at 2, ECF No. 64). This Court assumes, therefore, that Plaintiff's motion for reconsideration rests on a claim of new evidence. *See* FED. R. CIV. P. 60(b)(2).

The Court is unable, however, to locate any such evidence in Plaintiff's Motion for Partial Summary Judgment (ECF No. 49). In fact, Plaintiff points to no new evidence about Marx's March 7, 2000, home visit with the Stefanitsises, which he alleges entailed investigative acts by the prosecutor. (*See id.* at 2–16 (statement of facts); *compare id.* at 13, *with* Memo. in

6

Opp'n to Mot. to Dismiss at 8, ECF No. 1).  Thus, Plaintiff's claims about Marx suffer from the same deficiencies previously identified by the Court: Plaintiff lacks any evidence of what Marx did or said that might be construed as investigative and can rely only on speculation.  (*Cf.* Mot. for Partial Summ. J. at 13, ECF No. 48 ("[O]n the afternoon of March 6 or 7, 2000, the detective and Mr. Marx visited the Stefanitsises in their home.  During that visit the Stefanitsises somehow agreed to positively identify plaintiff as one of the two robbers, notwithstanding the absence of any new evidence." (footnote omitted))).  Moreover, the new evidence that Plaintiff does cite in his Motion for Partial Summary Judgment militates in favor of the Court's previous holding. Plaintiff provides new details about Rudy Stefanitsis's eyewitness identification of Plaintiff from a photo lineup on February 10, 2000, approximately one month before Marx's home visit.  (*See id.* at 12).  Although the probative value of this identification can be disputed (and Plaintiff labels the identification "completely equivocal"), the existence of an eyewitness identification, even if not perfectly certain, undermines Plaintiff's claims that Marx visited the Stefanitsises without probable cause.  *See Ahlers v. Schebil*, 188 F.3d 365, 370 (6th Cir. 1999) ("A law enforcement is entitled to rely on eyewitness identification to establish adequate probable cause with which to sustain an arrest." (citations omitted)).

      Nor would Plaintiff's motion succeed if construed as a Rule 59 motion.  After all, under Fed. R. Civ. P. 59(e), a court will reconsider its previous decision if there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice."  *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir.2005) (citing *Gen'l Corp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.1999)).  Plaintiff has failed to demonstrate any of these factors.  As noted previously, Plaintiff has not pinpointed new evidence demonstrating that Marx acted in an investigative capacity, so as to deprive him of

7

absolute prosecutorial immunity. Plaintiff has not suggested that the Court committed a clear error of law, nor that higher courts have issued new decisions about prosecutorial immunity that render the Court's legal reasoning anachronistic. Finally, Plaintiff has not explicated a need to prevent manifest injustice necessitating reconsideration.

### C. Motion for Hearing

Plaintiff has also submitted a Request for Status and Case Scheduling Conference and to Set Trial Date (ECF No. 67), which was filed on the docket as a Motion for Hearing. In that motion, Plaintiff asks the Court for a status conference to schedule this case for trial. Plaintiff asserts three reasons for this motion: (1) "Defendants' counsel refuse to negotiate settlement"; (2) "[d]iscovery should be completed in less than 60 days"; and (3) "it is exceptionally unlikely that any defendant will move for summary judgment, and plaintiff anticipates that upon inquiry by this Court, defendants will acknowledge as much." (*Id.* at 1, 2). Defendants, however, note that they will in fact move for summary judgment, pursuant to the deadline for dispositive motions set by this Court. (Def.s' Joint Memo. in Opp'n at 2, ECF No. 71; *see* Notation Order, ECF No. 62 (dictating that dispositive motions will be due by April 7, 2023). Although Plaintiff has expressed disbelief that this prospect, it is not his role to decide Defendants' litigation approach for them. (*See* Reply Memo. at 2, ECF No. 74 ("The evidence now of record . . . precludes summary judgment. This case will necessarily be resolved at trial."). Nor is it Plaintiff's responsibility to decide the merits of opposing parties' motions on behalf of the Court.

Instead, the Court will adhere to its usual practice: it will allow parties to submit dispositive motions pursuant to the agreed-upon deadlines, rule upon those motions when they are ripe, and schedule a trial date, if needed, at that time. The Court will not, on the other hand, accelerate the case schedule upon Plaintiff's unilateral request and deprive Defendants of the

opportunity to submit dispositive motions simply because Plaintiff believes that such motions are without basis. Accordingly, Plaintiff's Motion for Hearing (ECF No. 67) is **DENIED**.

## IV. CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Leave to File (ECF No. 63) is **GRANTED**; Plaintiff's Motion for Reconsideration (ECF No. 64) and Motion for Hearing (ECF No. 67) are **DENIED**. Defendant's Motion to Strike (ECF No. 56) is **GRANTED IN PART and DENIED IN PART**. Accordingly, all claims against Defendant Marx, in his individual and official capacities **REMAIN DISMISSED**. Plaintiff's Motion for Partial Summary Judgment (ECF No. 49) is **STRICKEN** as it relates to claims against Defendant Marx, and Defendant Fairfield County is **GRANTED** an extension to respond to the Motion for Partial Summary Judgment consistent with the case schedule.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: February 9, 2023**